# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

WAYNE E. NICKERSON,              )
                                 )
        Plaintiff,              )
                                 )
v.                               )              CV426-059
                                 )
GEORGIA EYE INSTITUTE, *et al.*, )
                                 )
        Defendants.             )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Wayne E. Nickerson filed a Complaint asserting unspecified claims. *See* doc. 1. The Court granted him leave to proceed *in forma pauperis* and, because his Complaint did not include any factual allegations, directed him to file an amendment. Doc. 5. Nickerson has filed two amended complaints, docs. 6 & 7, which fail to state any claim upon which relief can be granted, whether construed individually or collectively. They should, therefore, be **DISMISSED**. Docs. 6 & 7.

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490

1

(11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Nickerson's pleadings are almost entirely inscrutable.  In the section of the form complaint provided for alleging the facts underlying the claim, Nickerson has written "Electronically Stored Information; 26(f)."  Doc. 6 at 5.  After several enumerated points that have no discernable relationship to any legal claim, he names several individuals and states, in substantially unedited form:

> . . . all three Professional Contractors, computers and verbally
> computers talking and physically talking.  This Eye Started

02/22/2025, Finances. My right finished January 16, 2026. Dr. Brooley refuses to correct my left eye. [Name and address of an otherwise unidentified individual]. I started working with SC 25, February 2026 and still 19, March 2026. I have another Month to check my left eye, hopefully. Dr. Reeds and Social Worker Ms. Green; both from Savannah, Ga. [street address and phone number]. Both have helped me with my eyes professionally. Eyes have NOT be professionally with Georgia Eye Institute; [street address]. Financially Charges by VA and Humana HealthI UNPROFESSIONALLY. NO finances with VA. Hearing by Georgia Institute; ONLY phones face to face from them to me personally. UNPROFESSIONALLY. Social Worker, VA Ms. Green knows eyes from Memorial Hospital.

Doc. 6 at 5. The requested relief does not clarify anything. *Id.* The second amended pleading's allegations are identical. Doc. 7 at 5.

Since the substance of Nickerson's pleadings is insufficient for the Court to even discern the nature of his claim, they are obviously not "a short and plain statement of [any] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). His pleadings should, therefore, be **DISMISSED**. Docs. 6 & 7.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should

3

be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 3rd day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4